OPINION
{¶ 1} Appellant Jennifer Brown ("Brown") brings this appeal from the adjudication of the Common Pleas Court of Seneca County, Juvenile Division, finding Kirstina Chancey ("Kirstina") to be a dependent child.
 {¶ 2} On August 24, 1991, Kirstina was born to Brown and Eugene Chancey ("Chancey"). Between October 31, 2005, and December 13, 2005, Kirstina was residing with either Brown or Chancey, at her discretion, in Fostoria. Brown is addicted to crack cocaine. During this time frame, Brown gave up her residence and began selling off her possessions. She frequented the "Blue House" which was known for the sale of illegal drugs, prostitution, and other criminal activities. When Kirstina was staying with Brown, she would spend several days at the "Blue House" with Brown. While staying with Chancey, Kirstina would run away to be with Brown at the "Blue House."
 {¶ 3} On December 13, 2005, Kirstina was admitted to the hospital due to side effects from taking some medication at school. The hospital attempted to contact both Chancey and Brown without success. Eventually, the hospital was able to contact Deb Meglistch ("Meglistch"), Kirstina's maternal grandmother. Kirstina told Meglistch that the medication was methadone which she obtained from someone at school. In reality medical tests showed the substance to be acetaminophen. Kirstina asked Meglistch to "get her out of [Fostoria]." Tr. 12. Chancey consented to Kirstina residing with Meglistch and permitted Kirstina to go to Meglistch's home in Toledo. When the Seneca County Department of Job and Family Services ("the Agency") contacted Brown, the Agency learned that Brown's home had been boarded up. Tr. 22. Brown gave the Agency a contact address on Stadium Drive. Upon inquiry, the Agency learned that Brown did not reside there.
 {¶ 4} On December 15, 2005, the Agency filed a complaint alleging that Kirstina was a dependent child. Following the probable cause hearing, Kirstina was placed into the temporary and legal custody of Meglistch. An adjudication hearing was held on February 1, 2006. At the conclusion of the hearing, the trial court ruled that Kirstina was a dependent child. On March 1, 2006, a dispositional hearing was held. Brown chose not to attend any of the hearings, although her counsel was present. The trial court ordered that temporary and legal custody be granted to Meglistch. Brown appeals from this judgment and raises the following assignment of error.
The trial court erred in finding [Kirstina] dependent.
 {¶ 5} The sole assignment of error alleges that the trial court erred in finding Kirstina to be a dependent child when Chancey had provided minimum care and protection for Kirstina. A dependent child is one "[w]hose condition or environment is such as to warrant the state, in the interests of the child, in assuming the child's guardianship." R.C. 2151.04(C). In determining whether a child is dependent, the focus is on the condition of the child and whether he or she is receiving proper care and support. In re Madison Holzwart, et al., 3rd Dist. No. 13-04-32, 13-04-33, 13-04-34, 13-04-40, 2005-Ohio-1602. The conduct of the parents is relevant only insofar as it forms a part of the environment and is significant only if it has a detrimental impact on the child. Id. Here, the record indicates that Kirstina was lacking all supervision. Brown was too busy with her crack cocaine addiction to focus on her daughter's needs. She permitted her daughter to reside in a known drug house and allow her daughter to engage in sexual activity in this location. Brown has informed Meglistch that she does not wish to seek treatment for her addiction. Tr. 20. Additionally, Brown's current residence is unknown. Tr. 53. At no time was any evidence presented that Brown made any arrangements for the care of Kirstina while she was feeding her habit. Based upon this evidence, the trial court did not abuse its discretion in finding that Brown is currently not a proper person to have custody of Kirstina.
 {¶ 6} This court notes that Chancey is not disputing the finding of dependency. Although he provided a safe home, he admits that he lacked the ability to control Kirstina and is not pursuing custody at this time. Chancey entered into an agreement giving temporary legal custody to Meglistch at this time. Chancey agrees with the Agency that the environment as created by the residential parent is not appropriate and agreed to give custody to the maternal grandmother. Additionally Chancey was not monitoring the activities of Kirstina and was allowing her to do whatever she wished, including spending time at a known crack house, being out of the home until 4 or 5 a.m., and not monitoring her school work or attendance. Just because Chancey was providing Kirstina with food and shelter does not mean that Kirstina was in an appropriate environment. Chancey excused his failure to supervise by stating that he could not control Kirstina because he did not have legal custody of her. However, Chancey made no attempt to change that situation by filing for a modification of parental rights. Given the fact that Brown basically admits to being a homeless crack addict who has no desire to change her situation, a change of circumstances justifying the filing of the motion clearly exists. Based upon this evidence, the trial court did not abuse its discretion in finding Kirstina to be a dependent child. The assignment of error is overruled.
 {¶ 7} The judgment of the Common Pleas Court of Seneca County, Juvenile Division, is affirmed.
Judgment affirmed.
 Rogers and Shaw, JJ., concur.